**HENRY COLESBERRY, Executor of Levi Colesberry, v. CHARLES ANDERSON.**

High Court of Errors and Appeals. June 13, 1817.

*Ridgely's Notebook I, 38.*

*Vandyke* and *Rogers* for plaintiff in error. *Rodney,* for defendant for *McLane,* the retained counsel, who had left Dover, as *Mr. Rodney* said.

This was an action of debt, brought by husband for a legacy bequeathed to his wife during the coverture. The wife was not a party to the suit. . . .

[Bill of exceptions.]

*Rodney,* for defendant in error, here stated that he should object to the reading of the bill of exceptions unless the plaintiff produced the books and papers referred to in it, and making part

of it. That the propriety of the opinion of the court below could be judged of only by seeing the papers on which they decided.

RIDGELY and JOHNS said that an imperfect bill of exception could not hurt the defendant. The counsel then said they had agreed to postpone the cause until next term. This the Court would not allow. . °. .

CHANCELLOR RIDGELY. After these papers were produced and read in evidence in the court below, they were as much the papers of the court as the writ or declaration. Regularly they should have been incorporated in the bill of exceptions, but as in our loose way they are referred to the party taking the bill, the plaintiff in error here should have annexed those papers to the bill. It was his duty so to do, and as he has not, he has taken on himself the risk of producing the papers; and if they are not with the bill, the bill cannot be read, for it is a part only of the record. The whole must be read or none.

JOHNS, C. J., concurred that the bill of exceptions when read can have no operation, for it is a mere skeleton.

DAVIS and COOPER, JJ., were of opinion with THE CHANCELLOR that the bill should not be read.

The counsel for plaintiff in error then pressed the court to have a continuance of the cause with the consent of the defendant's counsel.

PER CURIAM. The omission to produce here or to have annexed to the bill of exceptions the will, books etc., referred to in the bill and making part of it, is the fault of plaintiff. No legal or reasonable excuse is assigned for this omission, and consequently none is offered for a continuance. The justice of the country and our duty require that the business in this Court should meet with no unnecessary delay. And if this case were continued, it would be a precedent for other cases. We therefore will not allow it to be continued, but as an immediate hearing will probably have the effect of dismissing the suit without regard to its merits, we will postpone the cause until Tuesday, the 17th of July, by which time the papers can be procured and annexed to the bill.

———

Sunday, June 15, 1817, ISAAC COOPER, Esq., a Justice of the Supreme Court, left Dover this day, whereby there was not a quor-

um of the court, only three members to hear this cause remaining, *viz* RIDGELY, JOHNS and DAVIS and so the cause was continued to next term, 1818.[1]

[1] For the opinion in this case at the next term, see *Ridgely's Notebook II, 105.*